**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SARAEL DIAZ DE LEON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | |
| SCOTT LADWIG, Acting Director of the New Orleans Field Office of ICE, in his official capacity, U.S. DEPARTMENT OF HOMELAND SECURITY, and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) ) ) ) ) ) ) | No. 2:26-cv-02149-SHL-cgc |
| Respondents. | ) ) | |

**ORDER DIRECTING PETITIONER TO SUPPLEMENT PETITION AND SERVE**
**RESPONDENTS AND STAYING TRANSFER**

On February 13, 2026, Petitioner Sarael Diaz De Leon filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) De Leon challenges his continued detention under 8 U.S.C. § 1225 in the West Tennessee Detention Facility without a bond hearing, a declaration that his "indefinite detention without a bond hearing is unlawful and violates due process," and release "on reasonable bond or parole." (ECF No. 1 at PageID 7.)

De Leon provides scant factual basis, beyond these arguments, as to why his Petition should be granted. His counsel has recently submitted several petitions similarly devoid of background facts. See, e.g., Cruz-Ruiz v. Harper, No. 26-cv-02092 (W.D. Tenn. filed Feb. 3, 2026). These petitions have required the Court repeatedly to request supplementation. The Court recognizes that the volume of immigration habeas cases has lately been prodigious. However, a habeas petition "must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground[.]" Rule 2(c) of the Rules Governing

Section 2254 Cases in the United States District Courts (emphasis added); see also Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." (emphasis added)).  And the Rules Governing Section 2254 Cases—in addition to the Federal Rules of Civil Procedure, to the extent they are not inconsistent with the habeas statute—apply equally to § 2241 habeas petitions such as this.  Williams v. Holloway, No. 14-cv-02652, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14, 2016).  Counsel is cautioned to compose future petitions so that the Court may immediately ascertain the plausibility of the request for relief.  Such efficient pleading conserves party and judicial resources and avoids needless delay.  Even considering the state of the Petition, to ensure timely resolution of it without a hearing, it is **ORDERED** as follows:

(1)    Within **five days** of this Order, De Leon shall **SUPPLEMENT** the Petition and provide a factual basis as to why he should not be considered an "arriving alien" under 8 U.S.C. § 1225.

(2)    Within **five days** of this Order, De Leon shall deliver a copy of this Petition and all attachments, his supplemental facts, and this Order to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.  **Failure to fully comply with this requirement may justify dismissal of the Petition.**  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

(3)    Within **five days** after De Leon fully complies with the above requirements, Respondent shall respond to the Petition in writing.

(4)    De Leon may file a reply within **two days** after Respondent's responsive filing.

2

(5)      Respondent shall not transfer De Leon out of the West Tennessee Detention

Facility during the pendency of this Petition.

**IT IS SO ORDERED,** this 13th day of February, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE